UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Flashover Maintenance LLC,<br>*Plaintiff/Counterclaim-Defendant,*<br>v.<br>CBRE, Inc., et al.,<br>*Defendants.* | Case No.: 1:26-cv-01850-DAR<br><br>Judge David A. Ruiz<br><br>Magistrate Judge Reuben J. Sheperd |

**PLAINTIFF/COUNTERCLAIM-DEFENDANT FLASHOVER MAINTENANCE LLC'S MOTION TO DISMISS THE COUNTERCLAIM OF FACILITYSOURCE, LLC**

Plaintiff/Counterclaim-Defendant Flashover Maintenance LLC ("Flashover") moves under Fed. R. Civ. P. 12(b)(6) to dismiss the counterclaim of Defendant/Counterclaim-Plaintiff FacilitySource, LLC ("FacilitySource") for failure to state a claim upon which relief can be granted. The grounds are set out in the memorandum that follows.

**MEMORANDUM IN SUPPORT**

## I. Introduction

The contract sued on is a Service Provider Agreement dated February 26, 2018, under which Flashover "agreed to provide facility maintenance and repair services for FacilitySource's customers." (Doc. 5, PageID # 141, Countercl. ¶¶ 10-11.) FacilitySource alleges that Flashover breached that Agreement in multiple respects. However, FacilitySource alleges that the payments it made were "in accordance with the terms of the Agreement," and nothing in the Agreement gives FacilitySource the right to recover its requested damages.

Specifically, no paragraph of the counterclaim alleges that any payment FacilitySource made was excessive, unearned or otherwise improper. FacilitySource admitted "that it has not paid certain invoices submitted by Flashover in whole or in part." (Doc. 5, PageID # 134, Answer ¶ 48) but seeks recovery for "any invoices charged to *or* paid by FacilitySource for Services that were not satisfactory." (*Id.*, PageID # 146, Countercl. ¶ 54(c)) (emphasis added).

There is no cognizable way for FacilitySource to be harmed by receiving an invoice for "unsatisfactory" or "unnecessary" work if FacilitySource, by its own admission, never paid such invoices. Its remaining theory, that it lost profits by compensating its own customers fails because the counterclaim never alleges that FacilitySource compensated any customer, the Agreement does not make that loss recoverable, and such a payment is not a consequence Flashover could have foreseen. Because none of the four categories of damages FacilitySource identifies is recoverable, the Counterclaim must be dismissed.

## II. Standard of Review

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief". To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The Court accepts the counterclaim's well-pleaded factual allegations as true, but that tenet "is inapplicable to legal conclusions", and "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. A pleading that offers no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). Rule 8(a)(2) thereby serves to keep a case out of discovery where the events the pleading describes could not yield a claim for relief. *Id.* at 558. The Agreement is attached to the counterclaim as Exhibit 1 and is therefore a part of it for all purposes. Fed. R. Civ. P. 10(c); (Doc. 5-1, PageID # 149-62.)

## III. Law and Argument

### A. None of the damages FacilitySource identifies are recoverable.

"A cause of action for breach of contract requires the claimant to establish the existence of a contract, the failure without legal excuse of the other party to perform when performance is due, and damages or loss resulting from the breach." *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 41. Damages are therefore an element of the claim, not a question reserved for later. A counterclaim that does not plead sufficient facts to prove any damages allowed by the Agreement or Ohio law has not stated a claim upon which relief can be granted.

Defendant identifies four categories of damages in ¶54 which it says it sustained as a result of the Plaintiff's alleged breach. (Doc. 5, PageID # 146, Countercl. ¶ 54.) The first three relate to "invoices charged to or paid by FacilitySource" which (a) had been improperly subcontracted, (b) that were not performed in accordance with generally accepted professional standards, and (c) that were not satisfactory. The fourth seeks (d) lost profits because they allegedly had to "compensate its customers for the unsatisfactory or unnecessary work that Flashover performed."

**B. Invoices charged to or paid by FacilitySource (¶54 a, b, and c).**

Defendant admitted that "some amount of the alleged invoices remains unpaid to Flashover." (Doc. 5, PageID # 134, Answer ¶ 50.) Therefore, just because an invoice was sent does not mean that the invoice was *paid.* Despite this admission, subparts a-c seek recovery for "any invoices charged to *or* paid by" FacilitySource. (*Id*., PageID # 146, Countercl. ¶ 54(a)-(c)) (emphasis added). By using the disjunctive "or," it indicates that FacilitySource is seeking reimbursement of invoices which were never paid to Flashover in the first place.

FacilitySource could plausibly have a valid claim for reimbursement of fees which were not earned pursuant to the contract. Yet, FacilitySource does not allege any such payment, and alleges only that it made "payments to Flashover in accordance with the terms of the Agreement." (Doc. 5, PageID # 146, Countercl. ¶ 51.) Nowhere does the counterclaim allege that any *payment* FacilitySource made was excessive, unearned or otherwise improper, which is the allegation this claim needed and does not contain. It only alleges that *invoices* were improper. Defendant cannot obtain a refund on an invoice which was never paid in the first place. Such a payment would be an impermissible double recovery, and nothing in the Agreement permits it.

For example, FacilitySource alleges that Flashover breached the Agreement because it had been "improperly subcontracted." (Doc. 5, PageID # 146, Countercl. ¶ 54(a).) But the Agreement does not require Flashover to hand back what it was paid for services performed just because they were subcontracted. Assuming that Flashover subcontracted without written consent, FacilitySource could terminate pursuant to Section 7(b). What it cannot do is accept the services, invoice its own customers for them, not pay Flashover for providing the service, and then recover the invoice price which was not paid in the first place.

The counterclaim declines to identify any invoices which it finds objectionable, and further declines to allege that it actually paid those invoices. It therefore never connects any payment it made to any breach it alleges.

### C. The Agreement does not Permit a Claim for FacilitySource's "Compensation" paid to its Customers (¶54(d))

¶54(d) of the Counterclaim alleges as damages "any profits that FacilitySource lost by having to compensate its customers for the unsatisfactory or unnecessary work that Flashover performed." Yet, the predicate of that measure is unpleaded. No paragraph of the counterclaim alleges that FacilitySource actually "compensated" any customer, nor does it identify a customer it compensated, or states what it paid. A damages theory resting on an event the pleading never alleges is a conclusion, not a factual allegation, and it does not survive Rule 12(b)(6). Because FacilitySource never alleges that it actually "compensated" its customers, it cannot allege any damages based on such unpled compensation.

Subparagraph 54(d) fails under Fed. R. Civ. P. 9(g) as well. A pleading need not itemize its general damages, but "[i]f an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). Profits FacilitySource says it lost by compensating its own customers are special damages. They do not follow from the alleged breach in the ordinary course; they depend entirely on FacilitySource's separate arrangements with third parties. Subparagraph 54(d) states nothing about them. It names no customer, no payment, no date and no amount.

Moreover, it is implausible, if not impossible to lose profits related to the provision of unnecessary work which was not paid for. The maximum profit FacilitySource could expect to obtain for Flashover's work is their revenue (the amount they contracted to receive from their

end customers), minus their costs (the amount they paid to Flashover). Flashover's provision of additional work does not decrease the maximum revenue that FacilitySource could reasonably expect to receive under their end contracts, nor could it necessitate the payment of compensation to the customer. The worst possible outcome FacilitySource could expect by the provision of *extra* services is to not be paid for those extra services, not in the incursion of a requirement to pay compensation to the client. In addition, FacilitySource does not allege that they ever paid Flashover for the alleged unnecessary work, so there is no allegation of increased costs associated with the invoicing. Accordingly, if FacilitySource lost no revenue as a result of the "unnecessary" work, and paid no additional expenses, it cannot conceivably have been damaged.

Even if FacilitySource did provide compensation to its customers it would not be recoverable under the Agreement. FacilitySource alleges they had to provide compensation to customers due to alleged "unsatisfactory" work performed by Flashover. The requirement that Flashover perform "satisfactory" work is found in §1(a)(ii) of the contract, requiring that the services "be performed by the Provider to the reasonable satisfaction of FS's customer(s)". (Doc. 5-1, PageID # 151, § 1(a)(ii); see also Doc. 5, PageID # 141, Countercl. ¶ 12.) §1(b) limits FacilitySource's damages for Flashover's breaches of Section 1 to "deduct **<u>up to</u>** the full amount due to Provider for any Service that Provider does not correct." (Doc. 5-1, PageID # 151, § 1(b); see also Doc. 5, PageID # 141, Countercl. ¶ 14) (emphasis added). Section 1(b) does not permit a deduction of FacilitySource's lost profits or ad hoc compensation paid to the client. It permits a maximum deduction of only the amount due to Flashover for the services, yet FacilitySource never alleged that it ever paid such invoices. Accordingly, Defendant cannot recover the

damages alleged in ¶54(d) because it would exceed the maximum deduction which is permissible under the Agreement.

Finally, the loss FacilitySource describes also does not follow from the breach it alleges. To recover damages suffered on a separate contract, a party "must show that, at the time of entering into the primary contract, the defendant had reason to foresee that a breach of the primary contract could cause the plaintiff to suffer damages on a second unrelated contract." *Sherman R. Smoot Co. v. Ohio Dep't of Adm. Servs.*, 136 Ohio App. 3d 166, 182-83, 736 N.E.2d 69 (10th Dist. 2000). A provider that performs badly may foresee that the party it serves will earn less on the work. It has no reason to foresee that the party will pay its own customers. The counterclaim pleads nothing about FacilitySource's contracts with its customers, nothing about any obligation to credit or refund them, nothing about the necessity for the compensation, and never alleges Flashover knew any such circumstance. Subparagraph 54(d) therefore rests on an unpled and unexplained outlay Flashover had no reason to anticipate when it signed the Agreement.

**IV. Conclusion**

Because none of the four categories of damages FacilitySource identifies is recoverable, its counterclaim fails to state a claim upon which relief can be granted. Flashover respectfully requests that the Court dismiss it.

Respectfully submitted,

*/s/ Alex F. Freitag*

Alex F. Freitag (0089336)
Speech Law, LLC
4403 Saint Clair Ave., Suite 400
Cleveland, OH 44103-1125
513-549-5517 Phone
216-912-2195 Fax
alex.freitag@speech.law
Attorney for Plaintiff/Counterclaim-Defendant Flashover Maintenance LLC

**CERTIFICATION UNDER LOCAL RULE 7.1(F)**

The undersigned certifies that this case has not been assigned to a track under Local Rules 16.1 through 16.3. Under Local Rule 7.1(f), a memorandum relating to a dispositive motion in an unassigned case may not exceed twenty pages, and the undersigned certifies that this memorandum adheres to that limitation. The page limitations have not been modified by order of the Court.

*/s/ Alex F. Freitag*

Alex F. Freitag (0089336)
Attorney for Plaintiff/Counterclaim-Defendant Flashover Maintenance LLC

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2026, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

*/s/ Alex F. Freitag*

Alex F. Freitag (0089336)
Attorney for Plaintiff/Counterclaim-Defendant Flashover Maintenance LLC