**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FLASHOVER MAINTENANCE, LLC,<br><br>Plaintiff / Counterclaim Defendant,<br><br>v.<br><br>CBRE, INC., et al.,<br><br>Defendants,<br><br>and<br><br>FACILITYSOURCE, LLC,<br><br>Counterclaim Plaintiff. | ) | Case No. 1:26-cv-01850-DAR<br><br>Judge David A. Ruiz |

**PLAINTIFF FLASHOVER MAINTENANCE, LLC'S ANSWER TO COUNTERCLAIM OF DEFENDANT FACILITYSOURCE, LLC**

Plaintiff Flashover Maintenance, LLC ("Flashover"), for its Answer to the Counterclaim of Defendant FacilitySource, LLC ("FacilitySource") (Doc. 5), states as follows.

**Nature of the Action**

1. Flashover admits that it and FacilitySource entered into a Service Provider Agreement, but states that the contents of that Agreement speak for themselves. Flashover denies any remaining allegation contained in Paragraph 1 of the Counterclaim.

2. Flashover admits that it used subcontractors to perform certain Services at certain locations, and avers that FacilitySource knew that it did so, consented to those subcontractors in writing, dealt with those subcontractors directly, and continued to issue work orders for, accept, and pay for the Services they performed. Flashover denies the remaining allegations contained in Paragraph 2 of the Counterclaim.

3. Flashover denies the allegations contained in Paragraph 3 of the Counterclaim.

4. Flashover denies the allegations contained in Paragraph 4 of the Counterclaim for want of information sufficient to form a belief as to their truth.

**The Parties**

5. Flashover denies the allegations contained in Paragraph 5 of the Counterclaim for want of information sufficient to form a belief as to their truth.

6. Flashover admits the allegations contained in Paragraph 6 of the Counterclaim.

**Jurisdiction and Venue**

7. Flashover admits the allegations contained in Paragraph 7 of the Counterclaim.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Flashover admits the allegations contained in Paragraph 8 of the Counterclaim.

9. Flashover admits the allegations contained in Paragraph 9 of the Counterclaim.

**Background Facts**

10. In response to Paragraph 10 of the Counterclaim, Flashover admits the parties entered into the agreement attached to the Counterclaim as Exhibit 1, but Flashover denies Counterclaim Exhibit 1 is the complete agreement between the parties.

11. Flashover states that the contents of that Agreement speak for themselves in response to Paragraph 11 of the Counterclaim. To the extent a response is required, Flashover denies any allegation contained in Paragraph 11 of the Counterclaim that is inconsistent with the complete agreement between the parties.

12. Flashover states that the contents of that Agreement speak for themselves in response to Paragraph 12 of the Counterclaim. To the extent a response is required, Flashover

denies any allegation contained in Paragraph 12 of the Counterclaim that is inconsistent with the complete agreement between the parties.

13. Flashover states that the contents of that Agreement speak for themselves in response to Paragraph 13 of the Counterclaim. To the extent a response is required, Flashover denies any allegation contained in Paragraph 13 of the Counterclaim that is inconsistent with the complete agreement between the parties.

14. Flashover states that the contents of that Agreement speak for themselves in response to Paragraph 14 of the Counterclaim. To the extent a response is required, Flashover denies any allegation contained in Paragraph 14 of the Counterclaim that is inconsistent with the complete agreement between the parties.

15. Flashover states that the contents of that Agreement speak for themselves in response to Paragraph 15 of the Counterclaim. To the extent a response is required, Flashover denies any allegation contained in Paragraph 15 of the Counterclaim that is inconsistent with the complete agreement between the parties. Flashover denies Arizona law applies to the complete agreement between the parties.

16. Flashover states that the contents of that Agreement speak for themselves in response to Paragraph 16 of the Counterclaim. To the extent a response is required, Flashover denies any allegation contained in Paragraph 16 of the Counterclaim that is inconsistent with the complete agreement between the parties.

17. Flashover states that the contents of that Agreement speak for themselves in response to Paragraph 17 of the Counterclaim. To the extent a response is required, Flashover denies any allegation contained in Paragraph 17 of the Counterclaim that is inconsistent with the complete agreement between the parties.

18. Flashover states that the contents of that Agreement speak for themselves in response to Paragraph 18 of the Counterclaim. To the extent a response is required, Flashover denies any allegation contained in Paragraph 18 of the Counterclaim that is inconsistent with the complete agreement between the parties.

19. Flashover denies the allegations contained in Paragraph 19 of the Counterclaim.

20. Flashover states that the contents of that Agreement speak for themselves in response to Paragraph 20 of the Counterclaim. To the extent a response is required, Flashover denies any allegation contained in Paragraph 20 of the Counterclaim that is inconsistent with the complete agreement between the parties.

21. Flashover denies the allegations contained in Paragraph 21 of the Counterclaim.

22. Flashover denies the allegations contained in Paragraph 22 of the Counterclaim.

23. Flashover admits that it used subcontractors to perform certain Services. Flashover denies the remaining allegations contained in Paragraph 23 of the Counterclaim.

24. Flashover denies the allegations contained in Paragraph 24 of the Counterclaim.

25. Flashover denies it improperly contracted. Flashover denies the remaining allegations contained in Paragraph 25 of the Counterclaim for want of information sufficient to form a belief as to their truth.

26. Flashover admits that Winter Services, LLC filed an action against Flashover in the Richland County Court of Common Pleas, Case No. 2025 CV 0657 N. Flashover denies the remaining allegations contained in Paragraph 26 of the Counterclaim.

27. Flashover denies the allegations contained in Paragraph 27 of the Counterclaim.

28. Flashover denies the allegations contained in Paragraph 28 of the Counterclaim.

29. Flashover admits that FacilitySource terminated Flashover's services at certain locations at various times. Flashover denies the remaining allegations contained in Paragraph 29 of the Counterclaim.

30. Flashover denies the allegations contained in Paragraph 30 of the Counterclaim.

31. Flashover denies the allegations contained in Paragraph 31 of the Counterclaim.

32. Flashover denies the allegations contained in Paragraph 32 of the Counterclaim.

33. Flashover denies the allegations contained in Paragraph 33 of the Counterclaim.

34. Flashover admits that it invoiced FacilitySource for snow and ice management services it performed at the Findlay, Clyde, and Marion, Ohio locations between November 2023 and January 2024. Flashover denies the remaining allegations contained in Paragraph 34 of the Counterclaim.

35. Flashover denies the allegations contained in Paragraph 35 of the Counterclaim.

36. Flashover states that the allegations in paragraph 36 are vague and ambiguous, which prevents the defendant from forming a response, and therefore denies the same.

37. Flashover states that the allegations in paragraph 37 are vague and ambiguous, which prevents the defendant from forming a response, and therefore denies the same.

38. Flashover states that the allegations in paragraph 38 are vague and ambiguous, which prevents the defendant from forming a response, and therefore denies the same.

39. Flashover denies the allegations contained in Paragraph 39 of the Counterclaim.

40. Flashover denies the allegations contained in Paragraph 40 of the Counterclaim.

41. Flashover denies the allegations contained in Paragraph 41 of the Counterclaim, and further denies that the Agreement always requires Flashover to upload pictures each time services are performed.

42. Flashover denies the allegations contained in Paragraph 42 of the Counterclaim.

43. Flashover denies the allegations contained in Paragraph 43 of the Counterclaim.

44. Flashover admits that FacilitySource directed Flashover to stand down at the Findlay, Clyde, and Marion, Ohio Whirlpool facilities. Flashover denies the remaining allegations contained in Paragraph 44 of the Counterclaim.

45. Flashover admits that Brian Knowlton is its sole member. Flashover denies the remaining allegations contained in Paragraph 45 of the Counterclaim, and further denies that Mr. Knowlton was ever an employee of FacilitySource, LLC except to the extent that FacilitySource, LLC is treated as the same entity as CBRE, Inc.

46. Flashover denies the allegations contained in Paragraph 46 of the Counterclaim.

47. Flashover denies the allegations contained in Paragraph 47 of the Counterclaim.

48. Flashover admits that Brian Knowlton previously worked for Davaco. Flashover denies the remaining allegations contained in Paragraph 48 of the Counterclaim, including that he was ever an employee of FacilitySource, LLC, except to the extent that FacilitySource, LLC is the same entity as CBRE, Inc.

**Count One – Breach of Contract**

49. Flashover incorporates its responses to Paragraphs 1 through 48 as if fully rewritten herein in response to Paragraph 49 of the Counterclaim.

50. Flashover admits the allegations contained in Paragraph 50 of the Counterclaim, except Flashover denies Counterclaim Exhibit 1 is the complete agreement between the parties.

51. Flashover denies the allegations contained in Paragraph 51 of the Counterclaim.

52. Flashover denies the allegations contained in Paragraph 52 of the Counterclaim, including each of subparagraphs (a) through (c).

53. Flashover denies the allegations contained in Paragraph 53 of the Counterclaim.

54. Flashover denies the allegations contained in Paragraph 54 of the Counterclaim, including each of subparagraphs (a) through (d).

55. Flashover denies the allegations contained in Paragraph 55 of the Counterclaim.

56. Flashover denies every allegation of the Counterclaim not expressly admitted above, including any allegation contained in its headings, and denies that FacilitySource is entitled to any of the relief it requests.

**Affirmative Defenses**

57. The Counterclaim fails to state a claim upon which relief can be granted.

58. FacilitySource consented to, authorized, directed, and ratified Flashover's use of subcontractors, and its claim under Section 22 of the Agreement is barred.

59. FacilitySource's claims are barred, in whole or in part, by waiver, because FacilitySource knew that Flashover used subcontractors and continued to issue work to Flashover and to accept and pay for its services.

60. FacilitySource's claims are barred, in whole or in part, by estoppel.

61. FacilitySource's claims have been waived, released, settled, or are subject to an accord and satisfaction or otherwise compromised; alternatively, FacilitySource has accepted compensation in partial settlement of these claims, requiring a set-off.

62. FacilitySource's claims are barred, in whole or in part, by its acceptance and approval of the services and invoices it now challenges.

63. FacilitySource's claims are barred, in whole or in part, by payment, and by its voluntary payment, with knowledge of the facts, of the invoices it now challenges.

64. FacilitySource's claims are barred, in whole or in part, by a failure of consideration, because FacilitySource has not paid Flashover for the services Flashover performed.

65. FacilitySource's claims are barred, in whole or in part, by its own prior material breaches of the Agreement, including its failure to pay Flashover for services Flashover performed.

66. FacilitySource prevented, hindered, or made impossible the performance on which it now relies, including by directing Flashover to stop obtaining service sign-offs at the Whirlpool facilities and by the failure of its own work-order, check-in, and check-out systems.

67. FacilitySource's claims are subject to setoff and recoupment against the amounts FacilitySource owes Flashover.

68. FacilitySource's claims are barred to the extent FacilitySource has already withheld, deducted, short-paid, or charged back the amounts it seeks.

69. Any damages FacilitySource claims were caused, in whole or in part, by its own acts and omissions, including its direction that Flashover stop obtaining service sign-offs at the Whirlpool facilities and the defects in its own work-order and check-out systems.

70. Any damages FacilitySource claims were caused or contributed to by the acts or omissions of third parties, or by other circumstances constituting intervening or superseding causes.

71. FacilitySource failed to mitigate its alleged damages.

72. FacilitySource sustained no damages, and any damages it claims are speculative, are not proximately caused by any act or omission of Flashover, and are not recoverable.

73. FacilitySource is not the real party in interest as to damages it claims on account of losses sustained by its customers.

74. FacilitySource's claims are barred by its failure to satisfy conditions precedent, including the meeting that Section 21(b) of the Agreement requires before litigation is commenced.

75. The Agreement's Arizona choice-of-law and forum provisions, and any other provision making the Agreement subject to the laws of another state or requiring dispute resolution in another state, are void and unenforceable as against public policy.

76. FacilitySource's claims are barred, in whole or in part, by the applicable statute of limitations.

77. FacilitySource's claims are barred, in whole or in part, by laches.

78. Flashover reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

**Prayer for Relief**

WHEREFORE, Flashover requests that the Court dismiss the Counterclaim with prejudice, enter judgment in Flashover's favor on the Counterclaim, award Flashover its costs and reasonable attorneys' fees under Section 26(j) of the Agreement, and grant Flashover such other relief as the Court deems just.

Respectfully submitted,
/s/ Alex Freitag
Alex Freitag (0089336)
Brian D. Bardwell (0098423)
Speech Law, LLC
4403 Saint Clair Ave, Suite 400
Cleveland, OH 44103-1125
(513) 549-5517 Phone
(216) 912-2195 Fax
alex.freitag@speech.law
brian.bardwell@speech.law

Counsel for Plaintiff / Counterclaim Defendant
Flashover Maintenance, LLC

## CERTIFICATE OF SERVICE

I certify that on September 29, 2026, I filed this document with the Clerk of Court using the CM/ECF system, which will serve it under Fed. R. Civ. P. 5(b)(2)(E) on all counsel of record.

/s/ Alex Freitag
Alex Freitag (0089336)
Counsel for Plaintiff / Counterclaim Defendant
Flashover Maintenance, LLC