UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FLASHOVER MAINTENANCE LLC,**<br>*Plaintiff/Counterclaim-Defendant,*<br>v.<br>**CBRE, INC., ET AL.,**<br>*Defendants.* | Case No.: 1:26-cv-01850-DAR<br><br>Judge David A. Ruiz<br><br>Magistrate Judge Reuben J. Sheperd |

**REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(F) AND L.R. 16.3(B)**

The parties respectfully report the results of their planning meeting under Fed. R. Civ. P. 26(f) and L.R. 16.3(b).

1. **Attendance:** The parties met by telephone on September 29, 2026 to discuss a discovery plan and the other matters in Fed. R. Civ. P. 26(f) and L.R. 16.3(b). In attendance were:

    a. Alex F. Freitag for Plaintiff/Counterclaim-Defendant Flashover Maintenance LLC.

    b. Robert J. Tucker and Graycen W. Hill for Defendants CBRE, Inc., CBRE Group, Inc., and FacilitySource, LLC.

2. **Disclosures and privilege:**

    a. **Initial disclosures:** The parties exchanged their initial disclosures pursuant to Rule 26(a)(1) on October 7, 2026 and October 8, 2026, respectively.

    b. **Privilege issues:** The parties agree that a party may assert privilege or work-product protection over produced material by notice under Fed. R. Civ. P. 26(b)(5)(B), and that privilege logs will be exchanged within forty-five days after a party makes a production from which privileged materials have been withheld. The parties will submit a Stipulated Protective Order, which generally mirrors Local Rule Appendix L, with modifications appropriate for this action, and which will include a request for an order under Fed. R. Evid. 502(d) providing that the



068445.000092\4936-3763-0424.1

production of privileged or protected material does not waive the privilege or protection in this or any other proceeding.

3. **Track:** The parties recommend the Standard track.

4. **Settlement and alternative dispute resolution:** The parties believe the case is suitable for mediation once the parties have exchanged sufficient written and document discovery to allow for a productive mediation. Also, consistent with the Case Management Order, Plaintiff made a written demand with a description and monetary breakdown of the damages claimed on October 7, 2026, and Defendants responded to that demand as well as on their Counterclaim the following day. Plaintiff further responded that same day.

5. **Consent to magistrate judge:** The parties do not consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

6. **Electronically stored information:** The parties agree to follow the default standard for discovery of electronically stored information in Appendix K to the Local Rules, supplemented by an agreement on custodians, date ranges, and search terms, and will meet and confer on production of other forms of ESI, including text messages and work-order system data. The parties will negotiate and submit a separate ESI Protocol which will mirror Local Rule Appendix K, with modifications appropriate for this action.

7. **Recommended discovery plan:**

   a. **Subjects of discovery:** Keeping in mind the proportionality requirements of Fed. R. Civ. P. 26(b)(1), the parties anticipate written discovery, the production of documents and electronically stored information, depositions of the parties' personnel, and subpoenas to non-parties, on the following subjects. Neither party waives any objection to the relevance or scope of any of the following topics.

      i. Flashover's performance and documentation of the Services at each site at issue, including the snow and ice services at the Whirlpool locations, and the work orders, check-in records, photographs, sign-offs, and quality audits for them and FacilitySource's instructions concerning that documentation.

      ii. The invoices at issue and their review, approval, reduction, withholding, offset, chargeback, and payment.

      iii. The parties' work-order and mobile-application systems and the data in them.

iv. FacilitySource's and CBRE's agreements with their customers for the sites at which the Services were performed, including their scope, pricing, service-level, and payment terms.

v. The revenue FacilitySource and CBRE received and the expenses they incurred for those sites, including whether, when, and in what amounts their customers paid for the Services.

vi. Any credit, refund, compensation, or other payment made to a customer in connection with the Services, and the reasons for it.

vii. Any settlement or accord with a customer concerning the Services, including at the Whirlpool locations.

viii. Any settlement or accord between Flashover and FacilitySource concerning the Services.

ix. The steps each party took to mitigate the damages it claims.

x. Flashover’s use of subcontractors to perform the Services, including any consent to or approval of them, and the parties' knowledge of and communications about it.

xi. The frequency and quality of Flashover’s services and communications between Flashover and FacilitySource related to same.

xii. The allegations of the counterclaim concerning Brian Knowlton.

xiii. The relationships among CBRE, Inc., CBRE Group, Inc., and FacilitySource, LLC, including their ownership, control, officers, personnel, and systems, and each entity's role in entering into, administering, and performing the Agreement.

xiv. The damages each party claims and how they are computed.

xv. The law governing the Agreement.

b. Discovery schedule: The parties propose closing non-expert discovery on June 22, 2027.

c. Primary reports, by the party with the burden of proof: exchanged by July 22, 2027.

d. Rebuttal reports: exchanged by August 23, 2027.

e. Expert discovery: closed by September 20, 2027.

8. **Dispositive motions:** The parties propose that dispositive motions be due October 20, 2027.

9. **Parties and pleadings:** The parties propose that any motion to amend the pleadings or to join additional parties be filed by December 21, 2026, or 30 days after any motion attacking the sufficiency of a pleading, whichever is later.

10. **Status hearing:** The parties propose a status hearing at the Court's convenience in or about February 2027.

11. **Other matters:** Flashover proposes that the Court set a schedule for early motions on the pleadings with respect to whether Ohio law or Arizona law applies. Defendants do not believe any such motion is necessary or appropriate.

12. **Attorney's fees:** Not applicable. No party seeks attorney's fees under statutory or case-law authority. However, there is a prevailing party provision in the parties' agreement.

Respectfully submitted,

*/s/ Alex F. Freitag*
Alex F. Freitag (0089336)
Speech Law, LLC
4403 Saint Clair Ave., Suite 400
Cleveland, OH 44103-1125
513-549-5517 Phone
216-912-2195 Fax
alex.freitag@speech.law
Attorney for Plaintiff/Counterclaim-Defendant
Flashover Maintenance LLC

*/s/ Robert J. Tucker (via email approval)*
Robert J. Tucker (0082205)
Graycen W. Hill (0102160)
Baker & Hostetler LLP
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
rtucker@bakerlaw.com
ghill@bakerlaw.com
Attorneys for Defendants CBRE, Inc.,
CBRE Group, Inc., and FacilitySource,
LLC

## CERTIFICATE OF SERVICE

I certify that on October 16, 2026, this document was filed through the Court's CM/ECF system, which serves all counsel of record as provided by Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Alex F. Freitag*
Alex F. Freitag (0089336)
Attorney for Plaintiff/Counterclaim-
Defendant Flashover Maintenance LLC